# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SURFACE WAREHOUSE, L.P.** *Plaintiff* | § § § § | |
| v. | § § | Case No. 1:25-CV-00359-ADA-SH |
| **ARCHITECTURAL SURFACES GROUP, LLC,** *Defendant* | § § § § | |

## ORDER

Now before the Court are Plaintiff's Motion for Leave to File Third Amended Complaint, filed August 25, 2025 (Dkt. 40); Defendant's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint, filed September 2, 2025 (Dkt. 47); and Plaintiff's Reply in Support of Its Motion for Leave to File Third Amended Complaint, filed September 8, 2025 (Dkt. 49).[1]

### I. Background

Surface Warehouse, L.P. ("US Surfaces"), which makes quartz surfacing products for countertops, brings this suit for breach of contract and misappropriation of trade secret against a quartz products distributor Architectural Surfaces Group, LLC ("ASG").[2]

**A. Plaintiff's Allegations**

US Surfaces makes the following allegations in its Second Amended Complaint (Dkt. 31): Since 2020, US Surfaces has supplied its quartz to ASG per written agreements and the parties had a "mutually successful relationship during which ASG launched and incorporated into its offerings

---

[1] The District Court referred this case to this Magistrate Judge for resolution of all non-dispositive motions and report and recommendation on all dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

[2] US Surfaces is a Texas limited partnership based in Austin, Texas; ASG is a Delaware limited liability company with its principal place of business in Spicewood, Texas. Dkt. 31 ¶¶ 8-9.

1

approximately 44 new quartz designs supplied by" US Surfaces protected by copyrights. *Id.* ¶ 2. In November 2024, ASG breached the parties' agreements by failing to make payments for products it had ordered and accepted from US Surfaces. *Id.* ¶ 4. US Surfaces later learned that ASG had been working with other manufacturers in India and Dubai to copy US Surfaces' copyrighted designs and the proprietary method of creating those designs. *Id.* ¶ 5. Raj Karanam, ASG's newly appointed Chief Executive Officer ("CEO"), admitted that ASG had copied US Surfaces' designs. *Id.* ¶ 5. US Surfaces asserts claims for breach of contract; suit on sworn account; copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, et seq.; misappropriation of trade secrets under the federal Defend Trade Secrets Act 18 U.S.C. § 1836, *et seq.*, and the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A; fraudulent inducement; fraudulent misrepresentation; conversion; and unjust enrichment.

**B. Defendant's Counterclaims**

ASG alleges that US Surfaces breached the parties' agreements by supplying it with defective products and launching a "campaign of harassment, misinformation, false advertising, and trademark infringement" against it. Dkt. 48. *Id.* ¶ 7. ASG also alleges that US Surfaces submitted fraudulent applications to the U.S. Copyright Office to obtain registrations for its quartz designs but omitted that ASG was a coauthor of many of those designs. *Id.* ¶ 10. ASG asserts counterclaims for trademark infringement and false advertising under the Lanham Act; common law trademark infringement and unfair competition; breach of implied and express warranties under the Texas Business and Commerce Code; and tortious interference with a contract or prospective business relations.

**C. Procedural History**

US Surfaces filed this suit in state court on February 18, 2025, and ASG removed to this Court on March 10, 2025, based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1; Dkt. 1-1. This

Magistrate Judge entered the parties' proposed joint scheduling order on May 30, 2025, requiring all motions to amend pleadings or to add parties to be filed by August 28, 2025. Dkt. 22 at 1.

US Surfaces filed its Second Amended Complaint on July 14, 2025. Dkt. 31. ASG filed a partial motion to dismiss under Rule 12(b)(6) on August 11, 2025 (Dkt. 37), and US Surfaces filed this motion for leave to file a third amended complaint on August 25, 2025. ASG opposes the amendment.

## II.   Legal Standards

Because US Surfaces filed this motion for leave before the deadline in the scheduling order, the "lenient standard" of Rule 15(a) applies. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Porretto v. City of Galveston Park Bd. of Trs.*, 113 F.4th 469, 491 (5th Cir. 2024) (citation omitted). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Substantial reasons that might justify denial of permission to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy*, 660 F.2d at 598.

## III.   Analysis

US Surfaces seeks leave to file a third amended complaint to add Sun Capital Partners, Inc. ("Sun Capital"), the purported owner of ASG, as a defendant; add more designs to its existing claims for copyright infringement; and clarify its claims in response to ASG's motion to dismiss. US Surfaces argues that it meets the permissive joinder requirements under Rule 20 to add Sun

Capital and that no factor supports denial of leave to amend under Rule 15(a). ASG contends leave should be denied because of bad faith and dilatory motive, undue delay, prejudice, and futility.

**A. Permissive Joinder**

Rule 20(a)(2) allows parties to be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." "Generally, as long as both prongs of the test are met, permissive joinder of plaintiffs is at the option of the plaintiffs." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Under the Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In the proposed third amended complaint, US Surfaces asserts claims against Sun Capital for vicarious liability, copyright infringement, fraudulent misrepresentation, and fraudulent inducement. US Surfaces alleges that Sun Capital acquired ASG in 2021 and managed, directed, and controlled its business activities. Dkt. 40-1 ¶¶ 1, 58. US Surfaces also alleges that Karanam was both ASG's CEO and Sun Capital's Managing Director and made false representations to US Surfaces on behalf of both companies. *Id.* ¶¶ 247, 254, 262. US Surfaces argues that its proposed fraud and infringement allegations against Sun Capital arise out of the same transaction, occurrence, or series of transactions or occurrences as those in the Second Amended Complaint, and that this litigation will raise questions of law and fact common to both defendants.

The Court agrees that the proposed claims against Sun Capital arise out of the same transaction, occurrence, or series of transactions or occurrences as those asserted against ASG, and that there are common questions of law and fact as to ASG and Sun Capital. *Evridges, Inc. v. Travelers*

*Lloyds Ins.*, No. A-15-CV-179-LY, 2015 WL 5918044, at *2 (W.D. Tex. Oct. 9, 2015), *R. & R. adopted*, 2015 WL 11438612 (W.D. Tex. Oct. 29, 2015). The Court finds that US Surfaces satisfies the permissive joinder requirements under Rule 20(a)(2).

**B. Bad Faith and Dilatory Motive**

ASG argues that US Surfaces filed this motion for leave two weeks after ASG moved to dismiss "in a transparent attempt" to avoid a decision on the motion to dismiss. Dkt. 47 at 5. ASG contends that all the facts asserted in in the proposed third amended complaint were known to US Surfaces when it filed its original complaint, and that its decision to add Sun Capital now "can only be explained by legal 'gamesmanship' designed to restart the clock on this case and defer an unfavorable ruling on ASG's pending Rule 12(b)(6) motion." *Id.* at 9 (quoting *Mansour v. Morgan Stanley*, No. 4:24-CV-459, 2025 WL 2380456, at *10 (E.D. Tex. Aug. 15, 2025)).

US Surfaces denies that it filed this motion for leave in bad faith or to avoid a ruling on the motion to dismiss, to which it has responded. Instead, US Surfaces contends that it did not discover "the extent of Sun Capital's role" in the alleged fraud and infringement until after it filed its original pleadings. Dkt. 49 at 8. US Surfaces also asserts that since filing this case it "has engaged in extensive review of voluminous documents, which has confirmed key facts necessary to support its claims against Sun Capital." Dkt. 40 at 7.

Courts in this district have found that similar explanations justify a plaintiff's delay in seeking amendment. *See, e.g.*, *Lowery v. Mills*, No. 1-23-CV-00129-DAE, 2017 WL 6025264, at *3 (W.D. Tex. Mar. 5, 2024) (finding that plaintiff did not act in bad faith when she learned more about new defendant's role through discovery), *R. & R. adopted*, 2024 WL 1319741 (W.D. Tex. Mar. 26, 2024). Similarly, this case is in the discovery phase and pleading stage. The Court finds no bad faith or dilatory motive.

## C. Undue Delay and Undue Prejudice

ASG argues that the motion for leave should be denied due to undue delay and that adding a new party at this stage would cause it undue prejudice. Dkt. 47 at 9.

In reviewing the timeliness of a motion to amend, delay alone is insufficient: "The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins.*, 898 F.3d 461, 478 (5th Cir. 2018) (citation omitted). "[T]here is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Frantz Design, Inc. v. Diamond Orthotic Lab'y, LLC*, No. 1:19-CV-00970-ADA, 2020 WL 10314642, at *2 (W.D. Tex. May 26, 2020); *see also Thomas as Tr. of Performance Prods. Inc. v. Hughes*, No. 5:16-CV-951-DAE, 2018 WL 2996901, at *4 (W.D. Tex. Feb. 22, 2018) ("When, as here, a party files a motion to amend by the court-ordered deadline, there is a presumption of timeliness that the non-movant must rebut to show undue delay."). US Surfaces sought leave to amend within the court-ordered deadline. The Court finds no undue delay.

The Court also sees no reason ASG would face undue prejudice by adding Sun Capital as a defendant. Sun Capital is ASG's parent company and, as ASG acknowledges, has known about US Surfaces' allegations against Karanam and Sun Capital since US Surfaces filed this suit. And this case is in its early stages, with the discovery deadline set for May 22, 2026 and trial for November 2, 2026. Dkt. 22. *See Carmack v. Park Cities Healthcare, LLC*, No. 3:16-CV-3500-D, 2017 WL 6025264, at *2 (N.D. Tex. Dec. 5, 2017) (finding that defendants did not show prejudice because they did not show that they could not obtain adequate discovery during the discovery period or an enlarged period); *Cross Trailers, Inc. v. Cross Trailer Mfg. & Sales, LLC*, No. W-16-CV-00418-JCM, 2017 WL 9472743, at *2 (W.D. Tex. Nov. 15, 2017) (finding that amendment would not cause undue delay or undue prejudice when the motion was filed before deadline in the scheduling order, the trial was five months away, and discovery was open).

While ASG's motion to dismiss will become moot when the third amended complaint is filed and ASG will have to file another motion to dismiss if it seeks to dismiss the claims in the new complaint, "there is no suggestion that the new allegations in the third amended complaint will necessitate extensive changes to the motions that defendants have already briefed." *Thomas*, 2018 WL 2996901, at *4. Moreover, because this Magistrate Court has not issued a Report and Recommendation on the motion to dismiss, no judicial resources will be wasted if the Court permits the amendment. *Id.* ASG does not show it will be unduly prejudiced by amendment.

### D. Futility of Amendment

Finally, ASG asks the Court to deny amendment because US Surfaces has amended its complaint twice before, and contends amendment would be futile because the proposed claims would not withstand a motion to dismiss. US Surfaces did not previously move to add Sun Capital and it is not barred under Rule 15 from amending again. Nor is the amendment futile. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). After reviewing ASG's motion to dismiss, the arguments in its response to the motion for leave, and the proposed third amended complaint, the Court finds the proposed claims in the third amended complaint not clearly futile.

### IV.   Conclusion

Because there is no substantial reason to deny leave to amend, the discretion of this Court is not broad enough to permit denial. *Stripling*, 234 F.3d at 872. Plaintiff's Motion for Leave to File Third Amended Complaint (Dkt. 40) is **GRANTED**. The Court **ORDERS** the Clerk to file Plaintiff's Third Amended Complaint (Dkt. 40-1), which will become the live complaint.

**SIGNED** on October 8, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE